IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD LOUDER, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-1124 |
| | ) | Judge Terrence F. McVerry/ |
| Sgt. COLEMAN, and THE DISTRICT | ) | Chief Magistrate Judg Amy Reynolds Hay |
| ATTORNEY F THE COUNTY OF ALLEGHENY, | ) | |
| and THE ATTORNEY GENERAL OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Respondents | ) | |
| | ) | |

REPORT AND RECOMMENDATION

I.      Recommendation

It is respectfully recommended that the Section 2254 petition for writ of habeas corpus be dismissed before being served because it is second or successive and Petitioner has not shown that he has obtained permission from the Court of Appeals to file it.

II.      Report

Donald Louder ("Petitioner"), a state prisoner, assigned the Pennsylvania Department of Corrections Identification Number CT-7996, is serving a life sentence for first degree murder. He filed this petition attacking his 1995 State conviction of first degree murder.  Petitioner previously brought a Section 2254 habeas petition, which attacked that very same conviction and which was "denied on the merits" by the Court.  Donald Louder v. Patrick, No. 2:06-CV-617 (W.D. Pa.).  Although he has previously filed a Section 2254 habeas petition, which was denied "on the merits,"  he suggests that he can bring the present petition based upon a new ruling of the United States Supreme Court, although he does not name the ruling in the petition.  Despite not

naming the ruling, it is apparent to this Court that, based upon Petitioner's arguments about the introduction of the coroner's report at his trial without cross examination or without the coroner's live testimony, Dkt. [1] at 7, ¶ 13,  Petitioner intends to invoke either <u>Crawford v. Washington</u>, 541 U.S. 36 (2004) or its progeny, <u>Melendez-Diaz v. Massachusetts</u>, __ US. __, 129 S.Ct. 2527 (June 25, 2009).  Because Petitioner has not obtained permission from the Court of Appeals to bring this second or successive petition, it must be dismissed for lack of subject matter jurisdiction.  Moreover, the Court notes that the two cases Petitioner relies upon have not been made retroactively applicable to cases on collateral review by the United States Supreme Court and so Petitioner has not satisfied the statutory requirement so as to bring a second or successive petition.

       A.     <u>Facts and Relevant Procedural History</u>

Petitioner was convicted of first degree murder in the Court of Common Pleas of Allegheny County on or about August 25, 1995, and the Superior Court affirmed the conviction on February 24, 1998, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on August 26, 1998.  <u>Donald Louder v. Patrick</u>, No. 2:06-CV-617 (W.D. Pa. Dkt. [11-8] at 18).  It does not appear that Petitioner filed a petition for certiorari in the United States Supreme Court.  <u>See id.</u>, (Dkt. [10] at 6).  Accordingly, Petitioner's conviction became final for purposes of determining whether a new United States Supreme Court case applies retroactively on collateral review, ninety days after August 26, 1998, i.e., November 24, 1998.  <u>See Beard v. Banks</u>, 542 U.S. 406, 411 (2004) ("State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or such a petition has been finally

denied'"); Kapral v. U.S., 166 F.3d 565, 572 (3d Cir. 1999) ("For purposes of a *Teague*

[retroactivity] analysis, a defendant's judgment of conviction becomes final (1) on the date the

Supreme Court denies certiorari, or (2) on the date the time for filing a timely petition for a writ

of certiorari expires.")(citations omitted).

The instant proceedings were initiated on August 21, 2009 by the docketing of the instant

habeas petition.

      B.    Applicable Legal Principles

        1. Rule 4 Pre service dismissals

Rule 4 of the Rules governing Section 2254 cases provides in relevant part that:

> The [Section 2254] petition shall be examined promptly by the judge to
> whom it is assigned. If it plainly appears from the face of the petition and any
> exhibits annexed to it that the petitioner is not entitled to relief in the district court,
> the judge shall make an order for its summary dismissal and cause the petitioner to
> be notified.

In interpreting Rule 4 of the Rules Governing Section 2254 Proceedings, the Advisory

Committee Notes to Rule 4 observe that

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to
> show cause issued, "unless it appears from the application that the applicant or
> person detained is not entitled thereto." Such consideration, may properly
> encompass any exhibits attached to the petition, including, but not limited to,
> transcripts, sentencing records, and copies of state court opinions. The judge may
> order any of these items for his consideration if they are not yet included with the
> petition.

In addition to ordering state court records, dockets  and/or opinions, a federal habeas court may

take judicial notice of those state court records, dockets and/or state court opinions as well as

federal court records. See, e.g., United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998

WL 312014, at *1 (N.D. Ill. June 3, 1998)(In a Rule 4 summary dismissal, the court took "judicial

notice of the opinion of the Illinois Appellate Court in this case."); Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan. 8, 2002)(in a Rule 4 case, the court stated that from "the face of the petition, and from [state] court records of which this Court can take judicial notice, the court determines that this is a successive petition. . . .").  Accordingly, in deciding this petition, this Court takes judicial notice of its own dockets as well as the Court of Appeals dockets.

This power of the court to summarily dismiss a petition, which, considered along with items annexed thereto and things of which judicial notice may be had, shows on its face that the petitioner is not entitled to relief includes the power of the court to dismiss the petition where it discloses that it is not in compliance with AEDPA's second or successive requirements.  Mickens v. Chamberlain, No. 2:08-CV-950, 2008 WL 4298536 (W.D.Pa., Sept. 17, 2008); Scott v. Klem, NO. 4:CV-05-1337, 2005 WL 1653165 (M.D.Pa., July 12, 2005).

2. AEDPA applies

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) ("AEDPA"), which amended the standards for reviewing state court judgments for petitions filed under 28 U.S.C. § 2254, was effective April 24, 1996.  Because Petitioner's habeas petition was filed after the effective date of AEDPA, AEDPA is applicable to this case.  Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive Section 2254 applications.  Tyler v. Cain, 533 U.S. 656 (2001).   In AEDPA, Congress enacted strictures on the filing of second or successive habeas petitions in response to the abuse of the habeas writ by prisoners.  See Chambers v. United States, 106 F.3d

4

472, 475 (2d Cir. 1997) ("The purpose of the gatekeeping restrictions was to prevent abuse of the habeas writ."). Congress provided that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The allocation of these gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A), has essentially divested the District Courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002)("From the district court's perspective, it [i.e., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals] is an allocation of subject-matter jurisdiction to the court of appeals."). The gatekeeping provisions of AEDPA provide that if the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed by the Court of Appeals in all cases. 28 U.S.C. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed by the Court of Appeals unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A). However, even if a habeas petitioner's second or successive petition falls within either of these categories, he may not simply come to the District Court and file his second or successive petition, rather he must seek leave of the Court of Appeals to do so. In other words, he must convince, in the first instance, the Court of Appeals that his second or successive petition comes within this narrow exception permitted by

5

AEDPA and have the Court of Appeals grant him leave to file such second or successive petition. 28 U.S.C. § 2244(3)(A).[1]

      C.    <u>Discussion</u>

          1.  <u>The Court Lacks Jurisdiction under § 2244(b)(4)</u>

AEDPA does not define the phrase "second or successive."  <u>Christy v. Horn</u>, 115 F.3d 201, 208 (3d Cir. 1997)("While the AEDPA requires this procedure for second or successive application, it does not define what is meant by 'second' or 'successive.'").  It is true that a numerically second petition is not "second or successive" within the contemplation of AEDPA, if it attacks a different criminal judgment or if the earlier petition terminated without a judgment, as for example where the earlier petition was dismissed without prejudice for failure to exhaust state court remedies.  <u>See</u>, <u>e.g.</u>, <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637 (1998); <u>Pratt v. United States</u>, 129 F.3d 54, 60 (1st Cir. 1997); <u>Christy v. Horn</u>, 115 F.3d at 208.

Under Section 2244(b)(3)(A), a second petition may not necessarily constitute a "second or successive petition" within the meaning of subsection (3)(A).  The Supreme Court construed § 2244(b) in a manner that avoids an overly literal construction of the term "second or successive" petition, recognizing that some types of "second" petitions do not implicate the judicially developed abuse-of-the-writ principles that were the basis for AEDPA's statutory restrictions.  <u>See Stewart v. Martinez-Villareal</u>, 523 U.S. 637 (1998).

In <u>Stewart</u>, the Court held that §2244(b)(3)(A) authorization was not required because although petitioner's claim that he could not be executed due to the fact that he was incompetent

---

    [1] Section 2244(3)(A) provides that "[**b]efore** a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added).

to be executed, had been raised in his earlier petition, the earlier petition was dismissed without prejudice as premature.  "This may have been the second time that respondent had asked the federal courts to provide relief on his <u>Ford</u> claim," the Court explained, "but this does not mean that there were two separate applications, the second of which was necessarily subject to § 2244(b)."  <u>Id</u>. at 643. This claim was not a "second or successive" petition under AEDPA because Martinez-Villareal "brought his claim in a timely fashion, and it has not been ripe for resolution until now."  <u>Id</u>. at 645.  The Court expressly stated that a later petition should not be considered successive when the earlier petition was dismissed without prejudice for failure to exhaust state remedies, and that AEDPA should not be construed so that the dismissal of an earlier petition "for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." <u>Id</u>. at 645.  Essentially, where a first petition was brought and dismissed but not addressed on the merits, a second petition challenging the same conviction is not subject to the requirement that the petitioner apply to the Court of Appeals for permission to file the second petition.

   In contrast, where a prior petition was addressed on the merits and the subsequent petition raises issues that could have been raised in the first petition or, otherwise constitutes an abuse of the writ, the subsequent petition is "second or successive" within the meaning of subsection (3)(A) and cannot be filed in the district court without authorization from the Court of Appeals. <u>See</u>, <u>e.g.</u>, <u>Whab v. United States</u>, 408 F.3d 116, 118 (2d Cir. 2005)("for a subsequent petition to be considered 'second or successive,' bringing into play AEDPA's gatekeeping provisions, the disposition of an earlier petition must qualify as an adjudication on the merits."); <u>Greene v. White</u>, 223 F.3d 1001, 1002 n.1  (9th Cir. 2000)("The present petition is not a 'second or successive petition' because the earlier petition, filed in 1993, was not adjudicated on the merits.").

7

In his instant petition, Petitioner is challenging the very same convictions which he challenged in No. 06-617.  Because the Court dismissed that first petition for having procedurally defaulted the claims therein raised or for Petitioner having failed to show entitlement to relief under AEDPA,[2] the first petition was denied "on the merits" within the contemplation of AEDPA's second or successive jurisprudence.  Louder v. Patrick, No. 06-617 (W.D. Pa. Dkt. Nos. [21] (R&R) & [25] (Memo order adopting R&R)).  Carter v. United States, 150 F.3d 202, 205-06 (2d Cir.1998) (since denial of first petition on grounds of procedural default "constitutes a disposition on the merits," that disposition "thus renders a subsequent [habeas or § 2255 petition] 'second or successive' for purposes of the AEDPA"); Accord Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002); In re Cook, 215 F.3d 606, 607-08 (6th Cir. 2000);  Upsher v. Goode, No. Civ.A. 04-1707, 2006 WL 2662724, at *4 (W.D.Pa. Sept. 14, 2006)("A dismissal of a habeas petition based upon procedural default constitutes a disposition on the merits and renders a subsequent petition . . . 'second or successive' and subject to Section 2244(b)(3)(A)'s gatekeeping provisions.").  Hence, there is no doubt that the instant petition is "second or successive" within the meaning of AEDPA and therefore requires that Petitioner seek permission of the Third Circuit Court of Appeals.   Because Petitioner has not shown that he has obtained such permission, his petition must be dismissed because this court lacks subject matter jurisdiction over this second or

---

[2]  The Report found that those claims, which were not procedurally defaulted, did not entitle Petitioner to relief because Petitioner failed to carry his burden to show that the State Courts' disposition of those claims was contrary to or an unreasonable application of then extant Supreme Court precedent. Louder v. Patrick, No. 06-617 (W.D. Pa. Dkt. [21] at 1).  Such a finding is quintessentially a decision "on the merits." See, e.g., Mickens v. Chamberlain, 2008 WL 4298536, at *3 (W.D.Pa., Sept. 17, 2008)(finding that where "[i]n a Report and Recommendation filed October 6, 2003, it was recommended that the 2002 petition be denied because Petitioner failed to show that the State Courts' adjudication of his claims was contrary to or an unreasonable application of then-extant United States Supreme Court precedent" the first habeas petition was decided on the merits).

8

successive Section 2254 habeas petition. <u>See</u>  <u>Acosta v. Artuz</u>, 221 F.3d 117, 122 n.3 (2d Cir. 2000) ("the portion of Section 2244 dealing with abuse of the writ changed previous law by shifting the burden from the government to the petitioner to plead that a habeas petition 'was not abusive, at least insofar as the petitioner now must demonstrate ... that any new claims could not have been raised in a prior petition because they rely on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.'").[3]

Although not necessary to our disposition, we note that the Supreme Court has not made either <u>Crawford</u> or <u>Melendez-Diaz</u> retroactively applicable to cases, such as the instant one, on collateral review.  <u>See</u>, <u>e.g.</u>,  <u>Whorton v. Bockting</u>, 549 U.S. 406 (2007)(<u>Crawford</u> does not apply retroactively to cases on collateral review under <u>Teague</u>);  <u>Larkin v. Yates</u>, No. CV 09-2034, 2009 WL 2049991, at * 2 (C.D.Cal. July 9, 2009)("assuming without deciding that *MelendezDiaz* announced a new rule of law that testifying experts in criminal cases could not base their opinions on reports generated by persons not testifying, petitioner would not be entitled to the benefit of such a new rule. *See Teague v. Lane*, 489 U.S. 288 (1989) (new rule of constitutional law cannot be applied retroactively on federal collateral review to upset state conviction or sentence unless new rule forbids criminal punishment of primary, individual conduct or is a 'watershed' rule of criminal procedure).").  Hence, it does not appear that the Court of Appeals would grant leave to

---

[3]  While it is his burden to show that he sought and received permission from the Court of Appeals to file a second or successive Section 2254 habeas petition in this Court, and he has failed to carry that burden and this is sufficient to recommend dismissal of the instant petition,  the Court in addition, takes judicial notice the computerized dockets of the Court of Appeals, which fails to show that Petitioner has sought or received from that Court permission to file this second or successive petition. Therefore, the habeas petition must be dismissed because this court lacks subject matter jurisdiction over such second or successive petitions.  <u>Robinson v. Johnson</u>, 313 F.3d 128, 139 (3d Cir.2002)("[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

file a second or successive habeas petition at this time.

III.    Conclusion

Pursuant to the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the

Local Civil Rules, Objections to this Report and Recommendation are due on November 2, 2009

and any Response thereto is due on November 17, 2009.   Failure to timely file objections may

constitute a waiver of any appellate rights.


                                        Respectfully submitted,

                                        /s/ Amy Reynolds Hay
                                        Chief United States Magistrate Judge

Dated: 19 October, 2009


cc:     The Honorable Terrence F. McVerry
        United States District Judge


        Donald Louder
        CT-7996
        SCI Fayette
        Box 9999
        Labelle, PA 15456